## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Criminal Case No. 16-20732

CHARLES P. RIZZO,

      Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Currently pending before the court is a motion filed by Defendant Charles P. Rizzo for the early termination of his term of supervised release. The motion has been fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will deny the motion.

### I. BACKGROUND

Defendant participated in a conspiracy with his son and other individuals to embezzle money through a trash collection and hauling company in Southeast Michigan. He pleaded guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. (ECF No. 141.) On July 28, 2018, he was sentenced to 90 days incarceration followed by a two-year term of supervised release. At the time Defendant filed the instant motion, he had been released from incarceration and served approximately 14 months of his supervised release.

## II. STANDARD

The court may terminate or modify the conditions of supervised release under

certain circumstances proscribed by statute:

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C.A. § 3583(e). Some of the factors the court must consider under 18 U.S.C. §

3553 include whether termination would account for "the nature and circumstances of

the offense and the history and characteristics of the defendant," the need "to reflect the

seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense," and the need to "afford adequate deterrence to criminal

conduct." 18 U.S.C. § 3553(a)(1), (2).

## III. DISCUSSION

Defendant argues that the interests of justice support his request for early

termination. In support of his request, he highlights his compliance with the terms of his

supervised release, including full payment of the financial conditions imposed, and his

offer to cooperate with law enforcement. He contends that further supervision is not

necessary because he requires no additional rehabilitation services. In response, the

Government asserts that Defendant deserves no benefit for complying with the

mandatory terms of his release. The Government further argues that Defendant cites no

2

actual justification for early termination and explains that Defendant's purported cooperation "has not materialized into anything tangible." (ECF No. 294, PageID.4183.)

The court recognizes that it may, at its discretion, order the early termination of Defendant's supervised release. However, the court is not persuaded that any of the reasons described in Defendant's motion warrant early termination. Defendant received a very favorable abbreviated sentence of incarceration; it was followed by a relatively short term of supervised release as one component of the entire penalty imposed.

Section 3553 continues to guide the court's assessment of the conditions imposed on Defendant, particularly how the conditions reflect the seriousness of the offense, provide punishment, and promote general deterrence. After acknowledging the relevant statutory authority and the briefs, the court is not persuaded that early termination serves the interests of justice. Nor is the court presented with any compelling justification to depart from its original determination that a two-year term of supervised release best accomplishes the post-custody objectives of sentencing. Accordingly,

IT IS ORDERED that Defendant's motion for early termination of supervised release (ECF No. 293) is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\16-20732.P.RIZZO.deny.early.termination.HEK.RHC.docx